**Opinion issued November 25, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00205-CV

_____

**WESTVIEW DRIVE INVESTMENTS, Appellant**

**V.**

**HARRIS CENTRAL APPRAISAL DISTRICT F/K/A HARRIS COUNTY APPRAISAL DISTRICT, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-50252**

---

## MEMORANDUM OPINION

The underlying case involves a dispute between Westview Drive Investments,

LLC (WDI) and Harris Central Appraisal District (HCAD)[1] over the 2024 appraised

---

[1] Harris Central Appraisal District was formerly known as Harris County Appraisal District.

value of WDI's real property for ad valorem tax purposes. WDI seeks permission in this Court to bring an interlocutory appeal of the trial court's amended order denying its motion for summary judgment. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f); TEX. R. APP. P. 28.3(a).

In the amended order, the trial court certified one question for permissive appeal: "whether TEX. TAX CODE § 23.231 limits the appraised value of WDI's property . . . for tax year 2024, to no more than 20 percent above the appraised value of the property in tax year 2023." Because we conclude that the issue presented by this question is not ripe for review, we deny WDI's petition for permissive appeal.

## Background

We begin with an overview of Tax Code Section 23.231 because it aids in understanding the procedural history of the case.

## A.    Circuit Breaker Limitation

Tax Code Section 23.231 (the Circuit Breaker Limitation[2]) was enacted in 2023.[3] The statute became effective on January 1, 2024.[4]

---

[2]    The title of Section 23.231 is "Circuit Breaker Limitation on Appraised Value of Real Property Other than Residence Homestead." TEX. TAX CODE § 23.231.

[3]    *See* Act of July 13, 2023, 88th Leg., 2nd C.S., ch. 1, § 4.03, sec. 23.231, Tex. Sess. Law Serv. 4700, 4706–08.

[4]    *See* Act of July 13, 2023, 88th Leg., 2nd C.S., ch. 1, §§ 8.01, 8.05, Tex. Sess. Law Serv. 4700, 4721.

The Circuit Breaker Limitation applies to real property "with an appraised value of not more than the amount determined under Subsection (j) for the tax year in which the property first qualifies for the circuit breaker limitation." TEX. TAX CODE § 23.231(b). For the 2024 tax year, that amount is $5 million or less.[5] *Id.* § 23.231(j).

When a property qualifies, Subsection (d) limits the amount that an appraisal office can increase the appraised value of the property:

> (d) Notwithstanding the requirements of Section 25.18[6] and regardless of whether the appraisal office has appraised the property and determined the market value of the property for the tax year, an appraisal office may increase the appraised value of real property to which this section applies for a tax year to an amount not to exceed the lesser of:
>
> > (1) the market value of the property for the most recent tax year that the market value was determined by the appraisal office; or
> >
> > (2) the sum of:
> >
> > > (A) 20 percent of the appraised value of the property for the preceding tax year;
> > >
> > > (B) the appraised value of the property for the preceding tax year; and

---

[5] The Circuit Breaker Limitation does not apply to a residence homestead that qualifies for an exemption or property appraised under other subchapters of the Tax Code, such as agricultural or timber land. *See* TEX. TAX CODE § 23.231(c).

[6] Section 25.18 provides for periodic reappraisals of property at least once every three years. TEX. TAX CODE § 25.18(b).

(C) the market value of all new improvements to the property.

*Id.* § 23.231(d).

## B. Dispute over Appraised Value of WDI's Property

WDI owns a Houston apartment complex (the Property). In 2023, HCAD and WDI were parties in another lawsuit involving the Property. The parties settled that suit, agreeing that the Property's 2023 appraised value was $4,975,000.

In April 2024, HCAD sent a notice of the Property's 2024 appraised value to WDI. The notice stated that, "[a]s of January 1, 2024," HCAD determined that the market value and the appraised value of the Property for tax purposes were $28,233,487. The notice informed WDI that, "[b]y law, we must appraise property at market value"—meaning "the price for which [the Property] would have sold on January 1 in the open market."

WDI filed a protest of the Property's 2024 appraised value with the county's Appraisal Review Board (ARB). In August 2024, the ARB issued its "Order Determining Protest." The ARB determined that HCAD's "property appraisal [was] incorrect and should be changed." The order reflected that the ARB determined that the Property's 2024 market and appraised values were $14,515,618. The order notified WDI that it had the right to appeal the order to district court.

WDI filed suit against HCAD, seeking judicial review of the ARB's order. In its amended petition, WDI alleged that the Property's 2024 appraised value was not

4

equal and uniform when compared to other properties. WDI also alleged that the appraised value exceeded the market value "as of the Jan. 1 date[] of valuation" and was "therefore excessive and unlawful." WDI asked the trial court "[to] determine the market value[]" of the Property and, "under [Tax] Code Sections 42.24 and 42.25, reduce [the Property's] appraised value on [the] appraisal rolls to the true market value."

WDI asserted that, because the Property's 2023 appraised value of $4,975,000 was under $5 million, the Property qualified for the Circuit Breaker Limitation. WDI claimed that, under the limitation, the Property's maximum appraised value for 2024 was $5,970,000. This amount represented the maximum increase permitted by the Circuit Breaker Limitation of (1) 20 percent of the Property's 2023 appraised value plus (2) its 2023 appraised value.[7] *See id.* § 23.231(d)(2)(A)–(B). WDI alleged that the ARB's 2024 valuation of $14,515,618 was "in gross violation of Texas law."

WDI moved for traditional summary judgment, asserting two grounds. In its first ground, WDI claimed that the "undisputed facts," as shown in its summary-judgment evidence, established that the Property's 2024 market and appraised values

---

[7] The Circuit Breaker Limitation also permits the market value of all new improvements to be added to the appraisal limitation, but the record does not indicate that new improvements were made to the Property in 2023. *See* TEX. TAX CODE § 23.231(d)(2)(C).

were $4,859,794, an amount less than the Property's 2023 appraised value of $4,975,000.

In its second ground, WDI argued that, if the trial court rejected its first ground, then the court should grant summary judgment because the Property's 2024 appraised value was "statutorily limited" by the Circuit Breaker Limitation. WDI asserted that, because the Property "was appraised at $4,975,000 in 2023," the maximum appraised value for the Property in 2024 was $5,970,000. WDI asked the trial court to "hold that the maximum 2024 appraised value that HCAD can set for the subject property is 2023's value plus 20%, i.e., $5,970,000."

HCAD responded that the facts were not "undisputed" and asserted that WDI's summary-judgment evidence did not establish that the Property's 2024 appraised value was $4,859,794. HCAD also asserted that the Circuit Breaker Limitation did not limit the Property's 2024 appraised value. HCAD pointed out that the statute became effective on January 1, 2024, and asserted that it "only applies to the subject property if it was valued at or below $5,000,000 on January 1, 2024." HCAD contended that the $5 million ceiling set for a property to qualify for the limitation was measured by a property's 2024 appraised value and not, as WDI claimed, its 2023 appraised value. HCAD offered its records to show that the Property's appraised value on January 1, 2024, was $14,515,618, meaning that the Property did not qualify to receive the statutory cap.

6

In its summary-judgment briefing, HCAD framed the controlling issue as follows: "Does TEX. TAX CODE §23.231 limit the appraised value of Westview Drive Investments, LLC's property . . . for tax year 2024, to no more than 20% above the appraised value of the property in tax year 2023?"  It answered, "No, the statute specifically states that it is effective January 1, 2024[,] and does not consider the 2023 value."

The trial court denied WDI's motion for summary judgment.

## C. Motion for Permissive Appeal

WDI filed a motion for permissive appeal, seeking to appeal the trial court's order denying its summary-judgment motion.  WDI stated that, if permitted to appeal the summary-judgment order, it "intend[ed] to assert only its statutory argument" regarding the Circuit Breaker Limitation.  WDI agreed that HCAD had accurately framed the controlling question of law in its summary-judgment briefing.

With the motion, WDI offered the declaration of its CEO and attorney, Jack Yetiv.  Yetiv stated that if WDI prevailed on appeal, "resulting in a maximum value for WDI's property of $5,970,000," then WDI would agree to that value, pay the 2024 taxes on that value, and dismiss the suit.

HCAD opposed the motion for permissive appeal, again asserting that the "[a]pplicability of the [Circuit Breaker Limitation] is not determined by 2023 tax year values" but by the value of the Property on January 1, 2024.  HCAD stated that

7

the Property's appraised value on January 1 was $14,515,618, an amount greater than the $5 million ceiling for the Circuit Breaker Limitation to apply.

HCAD also asserted that WDI was engaging in a "backward application" of the statute because the trial court, in its de novo review, would first determine the Property's 2024 market value and then apply the limitation if appropriate. HCAD compared the Circuit Breaker Limitation "to the homestead exemption (§ 23.23 of the Tax Code) which has been in existence for some time." HCAD explained that "in trials involving the homestead exemption, the fact-finder [first] determines market value and then the cap is applied, if applicable." HCAD asserted that, likewise, here the market value must first be found "in order to determine the applicability of the [Circuit Breaker Limitation]."

The trial court signed an amended order denying WDI's motion for summary judgment. In the same order, the trial court granted WDI's motion for permissive appeal. The trial court found that the requirements of Rule of Civil Procedure 168[8]

---

[8] Rule of Civil Procedure 168 provides,

> On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission must be stated in the order to be appealed. An order previously issued may be amended to include such permission. The permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation.

TEX. R. CIV. P. 168.

were satisfied "because there is a controlling question of law: whether TEX. TAX CODE § 23.231 limits the appraised value of WDI's property . . . for tax year 2024, to no more than 20 percent above the appraised value of the property in tax year 2023." The court answered the question negatively, "finding that HCAD's valuation of WDI's property did not violate TEX. TAX CODE § 23.231 because [the statute] does not limit the appraised value of WDI's property for tax year 2024, to no more than 20 percent above the appraised value of the property in tax year 2023."

The trial court concluded that (1) the controlling question of law was "a novel and difficult question of law as to which there is substantial ground for difference of opinion" because there were "no appellate opinions on this question" and (2) "an immediate appeal will materially advance the ultimate termination of the litigation." The court stated, "If WDI wins an appeal on this issue, HCAD would be limited to increasing its appraised value to no more than 20 percent of the 2023 value of the property—an amount WDI has agreed to pay." The trial court stayed the proceedings "pending the outcome of the permissive appeal."

## Petition for Permissive Appeal

WDI filed a petition for permissive appeal in this Court, seeking permission to appeal the amended order denying its motion for summary judgment. WDI focuses on the trial court's denial of its claim that the Circuit Breaker Limitation limits the Property's appraised value for the 2024 tax year.

9

HCAD filed a response opposing the petition. Among its arguments, HCAD asserts that the question of whether the Circuit Breaker Limitation caps the appraised value of the Property for the 2024 tax year is not ripe for review.

## A.    Applicable Law

Appellate review is ordinarily limited to final judgments. *Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 37 (Tex. 2024). An appellate court has no jurisdiction to review an interlocutory order unless review is conferred by statute. *Id*. "A departure from the final judgment rule in the form of an interlocutory appeal must be strictly construed because it is 'a narrow exception to the general rule that interlocutory orders are not immediately appealable.'" *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019) (quoting *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011)).

WDI seeks to appeal the amended order denying its motion for summary judgment under Civil Practice and Remedies Code Section 51.014(d)—a statutory exception to the final judgment rule. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d). Under that section, a trial court in a civil action may permit an appeal from an otherwise unappealable interlocutory order if two requirements are met:

> (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*Id.*

If a trial court permits an appeal from an interlocutory order pursuant to Section 51.014(d), the party seeking to appeal must then petition the court of appeals for permission to appeal. *See* TEX. R. APP. P. 28.3(a). A court of appeals may accept an appeal that is permitted by Section 51.014(d) if the appealing party explains why the appeal is warranted under that section. TEX. CIV. PRAC. & REM. CODE § 51.014(f). To show why the permissive appeal is warranted, the petition must "argue clearly and concisely [1] why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and [2] how an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. R. APP. P. 28.3(e)(4); *see* TEX. CIV. PRAC. & REM. CODE § 51.014(d). "Appellate courts have no discretion to accept a permissive appeal if section 51.014(d)'s two requirements are not satisfied." *Zurich Am. Ins. Co. v. MB2 Dental Sols., LLC*, 698 S.W.3d 355, 358 (Tex. App.—Dallas 2024, no. pet.) (citing *Indus. Specialists, LLC v. Blanchard Refin. Co.*, 652 S.W.3d 11, 15–16 (Tex. 2022) (plurality op.)).

## B.     Analysis

The trial court certified for permissive appeal the question of whether the Circuit Breaker Limitation limits the Property's appraised value for tax year 2024 to no more than 20 percent above the Property's appraised value for tax year 2023.

Because the issue presented by the question is not ripe for review, we conclude that, as explained below, Section 51.014(d)'s two requirements are not satisfied.

WDI exercised its right to appeal the ARB's appraisal determination by filing a petition for judicial review against HCAD. *See* TEX. TAX CODE § 42.01(a) (providing that property owner can appeal appraisal review board's order to district court). In tax appraisal suits, the taxpayer has the burden of proof. *See Amelang v. Harris Cnty. Appraisal Dist.*, 695 S.W.3d 348, 356 (Tex. App.—Houston [1st Dist.] 2022, no pet.). In the suit, "[a]ny party is entitled to trial by jury on demand."[9] TEX. TAX CODE § 42.23(c).

Tax Code Section 42.23(a) provides that judicial review of the board's order is by trial de novo. *Id.* § 42.23(a). The trial court "shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally." *Id.* "Once in court, the parties start from scratch, without any deference to the board's decision." *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752, 756 (Tex. 2024). "The court may not simply affirm the appraisal review board's order, and it 'may not admit in evidence the fact of prior action by the appraisal review board . . . except to the extent necessary to establish its jurisdiction.'" *Id.* at 760 (quoting TEX. TAX CODE § 42.23(b)).

---

[9] WDI has requested a jury trial in its pleadings.

In its amended petition, WDI asserted a claim for excessive appraisal. *See* TEX. TAX CODE § 42.25.[10] A taxpayer is entitled to relief for excessive appraisal if it proves to the court "that the appraised value of property according to the appraisal roll exceeds the appraised value required by law." *See id.* ("If the court determines that the appraised value of property according to the appraisal roll exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court."). "The duty of the trial court is to 'fix the appraised value of property in accordance with the requirements of law.'" *Cherokee Water Co. v. Gregg Cnty. Appraisal Dist.*, 801 S.W.2d 872, 877 (Tex. 1990) (quoting TEX. TAX CODE § 42.24)).

"Appraised value" is "the value determined as provided by [Tax Code] Chapter 23." TEX. TAX CODE § 1.04(8). Section 23.01 provides that "all taxable property is appraised at its market value as of January 1." *Id.* § 23.01(a). "Appraised value according to law is fair market value." *Cherokee Water*, 801 S.W.2d at 877; *see Tex. Disposal Sys. Landfill*, 694 S.W.3d at 755 ("[A] subject property is appraised at its 'market value.'"). Thus, to determine a property's appraised value

---

[10] WDI also alleged an unequal-appraisal claim, asserting that the appraised value was not equal and uniform when compared to other properties. *See* TEX. TAX CODE § 42.26 (providing that taxpayer is entitled to relief if property is appraised unequally to its value).

in accordance with the law, a trial court determines the property's market value.[11] *See Tex. Disposal Sys. Landfill*, 694 S.W.3d at 755; *Cherokee Water*, 801 S.W.2d at 877; *see also Amelang*, 695 S.W.3d at 358 (stating that, to prevail on its excess-appraisal claim, taxpayer had to prove property's fair market value).

Once market value is determined, a court uses that figure (and other factors) to determine if there is a statutory cap on the appraised value of the property by comparing the current tax year's market value to the prior tax year's appraised value. *See Dall. Cent. Appraisal Dist. v. Cunningham*, 161 S.W.3d 293, 296 (Tex. App.— Dallas 2005, no pet.) (explaining that whether Section 23.23's 10-percent cap on increasing appraised value of residence homestead applies is determined by comparing current year's market value to prior year's appraised value). If the trial court determines that the current tax year's market value is the same as or less than the preceding tax year's appraised value, then a statutory cap plays no role in determining the current year's appraised value because there would be no increase

---

[11] "Market value" is "the price the property will bring when offered for sale by one who desires to sell, but is not obligated to sell, and is bought by one who desires to buy, but is under no necessity of buying." *City of Harlingen v. Estate of Sharboneau*, 48 S.W.3d 177, 182 (Tex. 2001) (citation modified); *see* TEX. TAX CODE § 1.04(7) (defining "market value" to mean "price at which a property would transfer for cash or its equivalent under prevailing market conditions" when certain listed conditions are met). An appraiser determining market value "must use 'generally accepted appraisal methods,' and the Tax Code endorses specific kinds of appraisal methods for determining market value." *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752, 755 (Tex. 2024) (quoting TEX. TAX CODE § 23.01(b)).

14

in the appraised value. *See* TEX. TAX CODE § 23.231(d) (placing cap on *increase* in property's appraised value). In those circumstances, a property's appraised value and the market value are the same amount. *See Cherokee Water*, 801 S.W.2d at 877 ("Appraised value according to law is fair market value.").

Here, the Property's 2024 market value has not yet been determined in the de novo trial court proceedings. Even if the Property otherwise qualifies under the statute, the Circuit Breaker Limitation will not affect the Property's 2024 appraised value if its 2024 market value is found to be the same as or less than the 2023 appraised value of $4,975,000. *See* TEX. TAX CODE § 23.231(d).

We note that in its first summary-judgment ground, WDI asserted that the Property's correct 2024 market value is $4,859,794, an amount less than the 2023 appraised value of $4,975,000. WDI offered summary-judgment evidence to support that amount. Although the trial court denied summary judgment, the fact finder may ultimately find that amount—or another amount less than $4,975,000— to be the Property's 2024 market value. If that occurs, then the Circuit Breaker Statute will not affect the Property's 2024 appraised value because there will be no increase in the appraised value from 2023. *See id.*

Given that the 2024 market value has not yet been judicially determined, the issue raised by the question certified by the trial court—whether the Circuit Breaker Limitation caps the Property's appraised value for tax year 2024 to no more than 20

15

percent above the Property's appraised value for tax year 2023—is not ripe for review. An issue is not ripe when its resolution depends on "uncertain or contingent future events that may not occur as anticipated or may not occur at all." *See Perry v. Del Rio*, 66 S.W.3d 239, 250 (Tex. 2001) (citing *Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998)). Here, the resolution of the issue presented by the certified question depends on "uncertain or contingent future events that may not occur as anticipated or may not occur at all." *See id.*; *Patterson*, 971 S.W.2d at 442. Specifically, the resolution depends on the trial court's de novo determination of the Property's 2024 market value. Thus, the issue raised by the certified question is not ripe for review.

WDI argues that the issue is ripe because the "2023 and 2024 appraised values are already in the record." But WDI's claim of excessive appraisal for the 2024 tax year will be resolved in a trial de novo without deference to the ARB's determination of the Property's 2024 appraised value. *Tex. Disposal Sys. Landfill*, 694 S.W.3d at 756. During the de novo proceeding, the 2024 appraised value for Property will be determined "based on the evidence" presented, not based on the 2024 appraised value "already in the record." *See id.*

WDI also points out that the parties' dispute centers on whether a property's 2023 appraised value or its 2024 appraised value is used to determine whether a property's value is under the $5 million ceiling set for a property to qualify under

the Circuit Breaker Limitation. *See* TEX. TAX CODE § 23.231(b), (j). WDI argues that the dispute is ripe for appellate review because it involves statutory interpretation.

But even if the 2023 appraised value is the proper value to determine whether the Property qualifies for the Circuit Breaker Limitation, a determination of whether the Property's 2024 market value is above its 2023 appraised value must first be made in the de novo proceedings. If the 2024 market value is not above the 2023 appraised value—as WDI advocated in the first ground of its summary-judgment motion—then the Circuit Breaker Limitation plays no role in determining the 2024 appraised value because there would be no increase in the appraised value to trigger the statute's application. *See id.* § 23.231(d). Thus, irrespective of the whether the Property qualifies under the $5 million ceiling, the issue presented by the trial court's certified question is not ripe for review.[12]

---

[12]     We also observe that the phrasing of the certified question—whether the Circuit Breaker Limitation caps the Property's appraised value for tax year 2024 to no more than 20 percent above the Property's appraised value for tax year 2023—itself implies that the litigation will continue in the trial court after appellate review. Answering the question in WDI's favor by determining that the maximum amount of the increase is 20 percent above the Property's 2023 appraised value would still require the trial court to determine the precise amount of the increase. And that amount could be less than a 20 percent increase. *See* TEX. TAX CODE § 23.231(d) (providing that appraised value may be increased by 20 percent above preceding year's appraised value *or* by market value for most recent tax year that amount was determined, whichever is less). "When other issues are left pending in the litigation, ultimate termination of the litigation is not advanced by allowing immediate appeal of an otherwise interlocutory order." *Wholesale, Inc. v. Hous. Specialty Ins. Co.*,

Finally, WDI contends that, if it is granted permission to appeal the amended summary judgment order, no further litigation would be required. WDI points to Yetiv's declaration offered with its motion for permissive appeal. Yetiv averred that, if WDI prevailed on appeal, "resulting in a maximum value for WDI's property of $5,970,000, that will end this case" because WDI would agree to that value, pay its 2024 property taxes on that value, and dismiss the suit.

Rule of Appellate Procedure 28.3 requires WDI "[to] argue clearly and concisely why the [amended summary judgment order] involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* TEX. R. APP. P. 28.3(e)(4). Here, WDI provides no argument that its unilateral, conditional statement would be enforceable if it decides, post-appeal, to seek a lower appraised value than a 20 percent increase. And, even if it is enforceable, WDI provides no argument showing how its statement empowers this Court to provide an advisory opinion on an unripe issue that it cannot otherwise address. *See Patterson*, 971 S.W.2d at 443 (explaining that courts "are not empowered to give advisory opinions" and "prohibition extends to cases that are not yet ripe").

---

No. 01-23-00867-CV, 2024 WL 234745, at *2 (Tex. App.—Houston [1st Dist.] Jan. 23, 2024, no pet.) (mem. op.) (citation modified).

## Conclusion

For the reasons detailed above, we conclude that WDI has not met the requirements for permissive appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d), (g). Because the issue presented by the certified question is not ripe, WDI has not shown that the question is a controlling question of law or that an immediate appeal from the amended summary judgment order may materially advance the ultimate termination of the litigation. *See* TEX. R. APP. P. 28.3(e)(4). Accordingly, we deny WDI's petition.

Andrew Johnson
Justice

Panel consists of Justices Guerra, Guiney, and Johnson.